# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANGE INSURANCE ASSOCIATION, | Case No. 1:15-cv-00526-SAB |
| Plaintiff, | ORDER DENYING MOTION TO STAY |
| v. | ECF NO. 13 |
| GULZAR SRAN, et al., | |
| Defendants. | |

On August 4, 2015, Defendant Gulzar Sran ("Sran") filed a motion to stay this action. (ECF No. 13.)   Plaintiff Grange Insurance Association ("Plaintiff" or "Grange") filed an opposition on September 8, 2015.  (ECF No. 21.)  Sran filed a reply on September 16, 2015. (ECF No. 22.)

The Court finds it appropriate for the motion to stay to be submitted upon the record and briefs on file without need for oral argument.  The Court vacates the hearing set for September 23, 2015.  For the reasons set forth below, the Court denies Sran's motion to stay.

## I.

## BACKGROUND

The complaint in this action was filed on April 2, 2015.  (ECF No. 2.)  Plaintiff's complaint raises four causes of action: two claims for declaratory relief and two claims for equitable reimbursement.  Plaintiff names Sran and Caeden Fisher ("Fisher") as defendants.

The claims raised in Plaintiff's complaint arise from two insurance policies issued to Sran.   Plaintiff issued a "FarmPak Plus Farming and Personal Liability" insurance policy effective between April 23, 2014 through April 23, 2015  ("the FarmPak policy").  Plaintiff also issued a "Farm & Commercial Liability Excess Liability insurance policy effective between November 21, 2014 through April 23, 2015 ("the Commercial Excess policy").

On or around January 20, 2015, a complaint was filed in Fresno County Superior Court entitled <u>Caeden Fisher v. Gulzar Singh Sran</u>, Case No. 15CECG 00197 ("the Fisher Action"). The Fisher Action was for the wrongful death of Caeden Fisher's mother, who died in a November 22, 2014 motor vehicle accident.  The complaint alleged that the accident occurred when Sran was driving his truck while transporting a large forklift in a trailer.  Fisher alleged that Sran was negligent in loading the forklift onto the trailer of the truck in a manner where the forklift obscured the truck's brake lights.

Plaintiff contends that the FarmPak policy and the Commercial Excess policy do not provide coverage for any losses stemming from the Fisher Action due to certain exclusions contained in those policies: "Exclusion e" and "Exclusion g" of the FarmPak policy and the "Motor Vehicle Exclusion" of the Commercial Excess policy.

"Exclusion e" of the FarmPak policy states that the policy does not apply to:

> e.  Aircraft, Hovercraft or Motorized Vehicles
> Bodily injury or property damage arising out of:
> (1)  Ownership of any aircraft, hovercraft or motorized vehicle by any insured; or
> (2)  Maintenance, use, operation or loading or unloading of any aircraft, hovercraft or motorized vehicle...
> ...
> This exclusion does not apply to:
> ...
> (3)  Parking a motorized vehicle on the ways next to an insured location, provided the motorized vehicle is not owned by or rented or loaned to an insured.
> ...
> (6)  Bodily injury or property damage arising out of:
> (a)  Mobile Equipment;
> ...
> (c)  The operation of any of the machinery or equipment listed in Paragraph f.(2) or f.(3) of the definition of mobile equipment.
> (FarmPak policy, form F2000 1012, p. 3).

(Compl., at ¶ 8.)

2

1  "Exclusion g" of the FarmPak policy states:

2  This insurance does not apply to:
    ...
3  g.  Mobile Equipment, Contests and Livestock
    Bodily injury or property damage arising out of:
4  (1)  The transportation of mobile equipment by a motorized vehicle
    owned or operated by, or rented or loaned to, an insured...
5  (FarmPak policy, form F2000 1012, p. 4).

6  (Compl., at ¶ 10.)

7  The "Motor Vehicle Exclusion" of the Commercial Excess policy states:

8  This insurance does not apply to:
    1.   The ownership of any motor vehicle, motorized bicycle or
9  tricycle by any insured; or
    2.   Maintenance, use, operation or loading or unloading of any
10 motor vehicle, motorized bicycle or tricycle by any insured or
    other person...
11 ...
    For the purpose of this exclusion:
12 1.  Loading or unloading means the handling of property:
    a.   after it is moved from the place where it is accepted for
13 movement into or onto a motor vehicle;
    b.  while it is in or on a motor vehicle;
14 c.  while it is being moved from a motor vehicle to the place where
    it is finally delivered;
15 but loading or unloading does not include the movement of
    property by means of a mechanical device, other than a hand truck,
16 that is not attached to the motor vehicle.
    2.  Mobile equipment means the following, including any attached
17 machinery or equipment:
    a.  Bulldozers, forklifts and tractors designed for use principally off
18 public roads...
    ...
19 3.  Motor vehicle means:
    a.   A motorized land vehicle, trailer or semi-trailer and any
20 machinery or equipment while attached to or being carried or
    towed by such vehicles;
21 i.  designed for use on public roads; or
    ii.  used on public roads
22 unless it qualifies as mobile equipment.

23 (Compl., at ¶ 15.)

24     Sran filed a Third Party Complaint on June 25, 2015.  (ECF No. 10.)  Sran named JKG

25 Insurance Agency ("JKG") and Harry Gill ("Gill") as Third-Party Defendants.  The Third Party

26 Complaint raises claims for professional negligence, negligent misrepresentation, breach of oral

27 contract, equitable indemnity, and equitable contribution arising from the sale of the FarmPak

28 policy and the Commercial Excess policy.  Sran alleges that Third-Party Defendants had

3

1   misrepresented the coverages provided under the policies and failed to procure the requested

2   coverage.

3         On August 4, 2015, Sran filed a motion to stay.  (ECF No. 13.)  Sran argues that there is

4   significant factual overlap between this insurance coverage action and the underlying Fisher

5   Action.

6                                       **II.**

7               **LEGAL STANDARDS FOR MOTIONS TO STAY**

8         "[D]istrict courts possess discretion in determining whether and when to entertain an

9   action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter

10   jurisdictional prerequisites."  Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).  In deciding

11   whether to enter a stay, a district court should avoid needless determination of state law issues,

12   discourage litigants from filing declaratory actions as a means of forum shopping, and avoid

13   duplicative litigation.  Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir.

14   1998).  Other considerations include whether the declaratory action will settle all aspects of the

15   controversy, whether the declaratory action will serve a useful purpose in clarifying the legal

16   relations at issue, whether the declaratory action is being sought merely for the purposes of

17   procedural fencing or to obtain a 'res judicata' advantage, or whether the use of a declaratory

18   action will result in entanglement between the federal and state court systems.  Id. at 1225 n.5.

19   The court might also consider the convenience of the parties and the availability and relative

20   convenience of other remedies.  Id.

21         "If there are parallel state proceedings involving the same issues and parties pending at

22   the time the federal declaratory action is filed, there is a presumption that the entire suit should

23   be heard in state court."  Government Employees Ins. Co., 133 F.3d at 1225 (citing Chamberlain

24   v. Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir. 1991)).  "The pendency of a state court

25   action does not, of itself, require a district court to refuse federal declaratory relief.  [Citation.]

26   Nonetheless, federal courts should generally decline to entertain reactive declaratory actions."

27   Id. (citing Chamberlain, 931 F.2d at 1367).

28   / / /

# III.

## DISCUSSION

Sran argues that this action should be stayed pending the outcome of the Fisher Action. As an initial matter, the Court notes that Grange, Sran, and Fisher have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes.  (ECF Nos. 15, 17, 18.)  However, Third-Party Defendants JKG Insurance Agency and Harry Gill have not yet filed a responsive pleading in this action and have not consented.  However, a motion to stay is regarded as nondispositive and may be heard by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) if denial of the motion to stay does not operate as a denial of the ultimate relief sought.  SEC v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013).  Denial of the motion to stay in this action would not constitute denial of the ultimate relief sought in this action (declaratory relief and equitable reimbursement).  Accordingly, the undersigned has authority to hear this motion.

In circumstances where an insurer seeks a declaratory judgment regarding coverage relating to a separate action against the insureds, the declaratory judgment action may be stayed when the coverage question turns on facts to be litigated in the underlying action.  See, e.g., Allied Property and Cas. Ins. Co. v. Roberts, Case No. 2:11-cv-00740-MCE-KJN, 2011 WL 2495691, at *5 (E.D. Cal. Jun. 21, 2011).  "Granting a stay in such cases serves to 'eliminate the risk of inconsistent factual determinations that could prejudice the insured.'"  Id. (quoting Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 301 (1993)).  "Such factual inconsistencies may arise 'because the [insurer's] duty to defend frequently turns on coverage, and ... coverage frequently turns on factual issues to be litigated in the third party liability action.'"  Id. (quoting Montrose Chem. Corp., 6 Cal. 4th at 305).  However, "'when the coverage question is logically unrelated to the issues of consequence in the underlying judgment, the declaratory relief action may properly proceed to judgment.'"  Id. (quoting Montrose Chem. Corp., 6 Cal. 4th at 302).

Sran argues that the coverage issue in this action turns on facts to be litigated in the Fisher Action.  Specifically, Sran notes that the operative pleading in the Fisher Action alleges

1    that Sran loaded a forklift on a trailer with knowledge that the forklift would block the truck's

2    brake lights from the vision of approaching motorists.  Sran contends that this same issue is at

3    the forefront of this coverage dispute.  However, this does not appear to be the case.

4          In this action, Grange seeks declaratory judgment that no coverage exists under the

5    FarmPak policy or the Commercial Excess policy based upon "Exclusion e" and "Exclusion g"

6    of the FarmPak policy and the "Motor Vehicle Exclusion" of the Commercial Excess policy.

7    However, Sran does not identify any factual issue of consequence that overlap in this action and

8    in the Fisher Action.  In this action, Grange contends that coverage does not exist under the

9    FarmPak policy or the Commercial Excess policy because those policies exclude coverage for

10   incidents involving the operation of motor vehicles, transporting mobile equipment, or loading or

11   unloading mobile equipment.  None of these exclusions turn on the question of whether Sran was

12   negligent.

13         There appears to be no dispute in the Fisher Action that Sran had been operating a motor

14   vehicle, transporting mobile equipment, or loading/unloading mobile equipment.  It appears that

15   the primary issue in the Fisher Action is whether Sran was negligent in loading a trailer which

16   did not have operating brake lights and connecting the trailer and tractor in a manner which

17   obscured vision of the truck's brake lights.  These factual issues in the Fisher Action do not

18   appear to have any relevance in this declaratory judgment action.  The fact that Sran used his

19   truck to haul a trailer and tractor is undisputed.  Whether Sran did so in a negligent manner does

20   appear to be disputed in the Fisher Action, but the issue of negligence does not appear to have

21   any relevance in this declaratory relief action.  Thus, there is no factual overlap on issues of

22   consequence in this action and the Fisher Action.

23         The lack of factual overlap is reinforced by the explanation found in Sran's reply

24   regarding the coverage issue raised in this action.  Sran argues that Exclusion e does not apply to

25   Sran's actions because Exclusion e states that the exclusion does not apply for bodily injury

26   arising out of "mobile equipment."  Sran further argues that Exclusion g does not apply to Sran's

27   actions because, although Exclusion g states that no coverage exists for "transportation" of

28   "mobile equipment," Sran's actions at the heart of the Fisher Action should not be considered

1  "transportation" of "mobile equipment" but should instead be characterized as "loading" of

2  "mobile equipment."  Sran argues that "loading" is not an activity which falls within Exclusion

3  g, and therefore Exclusion g does not apply.

4           The Court offers no opinion on the viability of Sran's legal theory.  However, the Court

5  notes that Sran's legal theory does not involve any overlapping factual issues of consequence

6  with the Fisher Action.  The factual foundation of Sran's legal theory appears to be based

7  entirely upon facts which are undisputed in the Fisher Action.  There is no suggestion by any

8  party that there is any material dispute regarding whether Sran was hauling a trailer and tractor

9  with his truck when the accident occurred.  As discussed above, the factual issues of

10 consequence in the Fisher Action appear to be whether Sran was negligent in the manner in

11 which he hauled the trailer and truck, but any negligence on Sran's part does not appear to have

12 any relevance in this declaratory relief action regarding coverage.  Thus, there is no overlap.

13          The coverage issue raised in this case is logically unrelated to the issues of consequence

14 in the Fisher Action.  Sran fails to identify any discrete fact in this action which could result in an

15 inconsistent factual determination which would prejudice Sran.  At this stage in litigation, it

16 appears that the issues raised in this action may be appropriate for adjudication on a motion for

17 summary judgment because there is no genuine issue of material fact and the issue is purely a

18 legal question regarding the proper interpretation of the FarmPak policy and the Commercial

19 Excess policy.

20          Several other factors weigh against granting a stay.  Sran does not identify any unsettled

21 issues of state law raised in this action which would be resolved in the Fisher action.  See

22 Government Employees Ins. Co., 133 F.3d at 1225.  There appears to be little risk of duplicative

23 litigation, as Grange is not a party to the Fisher action and there is no other state court

24 proceedings addressing the coverage issues raised in this action.  See id.  There is no evidence of

25 forum shopping or procedural fencing.  See id.  This declaratory relief action would serve a

26 useful purpose with respect to the relationship between Grange and Sran, as it will determine

27 whether Grange is obligated to provide coverage for Sran in the Fisher Action.  See id.  There

28 appears to be little entanglement between the federal and state court systems.  See id.

Based upon the foregoing, the Court finds that a stay is not warranted in this action.

**IV.**

**CONCLUSION AND ORDER**

The Court finds that a stay of this action is not warranted because there is no overlapping factual issues of consequence in this action and in the Fisher Action.

Accordingly, it is HEREBY ORDERED that Defendant Sran's Motion to Stay is DENIED.  The hearing on the motion to stay set for September 23, 2015 is VACATED.

IT IS SO ORDERED.

Dated:   **September 22, 2015**

UNITED STATES MAGISTRATE JUDGE